Mr. Justipe Clayton
delivered the opinion of the court.
This was an action brought upon a note due to the sinking fund from the decedent Haley. The only question is as to the validity of a payment made to L. R. Richards, the cashier of the Planters’ Bank at Jackson ; in other words, whether Richards was the duly authorized agent to receive payments to the sinking fund.
There is no doubt that a sum in notes of the Union Bank, sufficient to pay the debt, was handed by Haley, the principal debtor, to Richards, as cashier of the branch of the Planters’ Bank at Jackson. The question is, whether the cashier was the agent to receive such payments, and whether he is competent to testify on the part of the plaintiff. The notes'when received were in a rapid state of depreciation.
Richards himself testifies, that he was not a general, but only a special agent for the collection of debts due that fund/ The president and cashier of the principal Planters’ Bank, together with the auditor of public accounts, were the commissioners originally appointed to manage the sinking fund, and that the mother bank sometimes sent notes to the branch at Jackson for collection. That it was only in such cases, that he was the agent for collection. Debtors to the sinking fund, also, sometimes made payments into the branch at Jackson, for the sake of convenience, requesting him to inform the mother bank, and to have the credit properly applied. In these instances he acted for the debtors. In this case he did not have the note at the time of the payment, nor did he ever have it, and he so informed Haley at the time. The mother bank refused to recognize the payment. D. W. Haley, one of the makers of the note, but who had been discharged upon his plea of bankruptcy, testified that Richards was the general agent. The Union money was offered back to Haley by Richards, who refused to receive it. The jury found in favor of the plaintiff, a motion for a new trial was overruled, and the cause thence comes to this court..
The paper executed by Richards at the time of the transaction reads as follows: “D. W. Haley has deposited in this office *120 $2836.66, to be applied to the payment of a note of his in the sinking fund. Office, Planters’ Bank, Jackson, March 23, 1840. W. C. Richards, cashier.”
The proper construction of this instrument, will go far to solve the point in controversy.1 The commissioners, trustees, or agents of the sinking fund were by law, the president and cashier of the Planters’ Bank, and the auditor of public accounts. The business at that time appears to have been transacted through the mother bank at Natchez. These persons had the management of the fund for the benefit of the state. If it be assumed that the mother bank was the sub-agent of the commissioners, it by no means follows, that the branches of that bank and their officers were likewise agents. No one but these commissioners, and their express agents, had any right to interfere with the fund. Indeed, it may well be doubted, whether they had power to appoint sub-agents, unless to employ attorneys at law for the conduct of suits in reference to the fund. The paper executed by Richards does not describe him as agent of the fund, but as cashier of the Planters’ Bank, at Jackson. It does not purport to be a payment to the fund, but a deposit in bank, to be applied to the credit of Haley’s note. It cannot from its terms be regarded as a receipt by the agent of the commissioners. Hence arose the attempt by Haley to prove that Richards was the agent. The deposition of Richards was then offered to prove that he was not the agent. “If the authority be by parol, the agent is a competent witness to prove it.” 1 Greenl. Evid. 485. If the attempt be to prove agency, when in fact the person did not purport to act as agent, may he not be called to prove that he was not agent? If he may prove his authority, he may likewise prove that he had no authority,’ especially when he did not assume to act as agent, or in the name of the principal.
If we look to the point of interest, there is, in this view, none to exclude him; if he have any, he is called to testify against it. If he be liable, it is to Haley, who regarded him as agent when he was not. He cannot be liable to the sinking fund, which disclaims his act and denies his agency. If not bound by his *121 act, it has nothing to do with him, whatever might have been the result if he had assumed to act as its agent and in its name.
The rule in regard to the competency of agents as witnesses, is thus stated by Greenleaf: “ An agent is competent as a witness, when offered to prove the making of contracts, the receipt or payment of money, the receipt or delivery of goods, and other acts done within the scope of his authority. This competency is an exception to the general rule, and has its foundation in convenience and necessity. But this exception cannot be extended to cases, where the witness is called to testify to facts out of the .usual and ordinary course of business, or to contradict or deny the effect of those acts, which he has done as agent. In such instances, he is not a competent witness for his principal without a release.” 1 Greenl. Ev. 483-486. This general summary of the doctrine shows the admissibility of Richards, to prove that he did not assume to act as agent in this case.
The jury found in favor of the plaintiff, and we think they were well warranted in so doing.
An affidavit of Mr. Lawson, the attorney of the defendant, is filed in the cause, and made part of the ground of the application for a new trial, for the reason of newly discovered testimony. The evidence referred to was that of Thomas J. Coffey, whose letter in answer to one addressed to him by Mr. Lawson after the trial is filed. Coffey was present when Richards tendered the Union money back to Haley. He states, “ that the Planters’ Bank and its branches had, previous to the payment by Haley to Richards, been the agents of the sinking fund, and that he himself had paid debts due to the sinking fund, to the branch at Jackson.” This letter is made an appendage to the affidavit, which also states, that the affiant had been informed since the trial, that James C. Wilkins and other directors of the Planters’ Bank would prove, that Richards was authorized to receive payments for the sinking fund at the time the payment was made by Haley.
To justify the granting of a new trial, upon the ground of newly discovered evidence, it must be made to appear affirma *122 tively, that it could not have been discovered by reasonable diligence before the trial Wright v. Alexander, 11 S. & M. 411. The only question in dispute was, the fact of the agency of Richards. The deposition of Richards had been taken upon interrogatories and cross-interrogatories about a month before the trial, in which he stated very clearly, the only connection he had with the sinking fund. The cause turned upon the point of his agency. The suit had been pending two years. The defendant knew Coffey was present and heard the conversation between Richards and Haley; at all events, D. Haley, the principal debtor, knew it. The verdict appears to have roused him to a sense of the necessity of action. The trial took place at Canton, on the 21st of April, 1847, and Coffey’s letter bears date from Jackson on the 23d of the same month. It could easily have been ascertained from the directory of the Planters’ Bank, at any time of the two years during which the suit was pending, what they knew in regard to the authority of Richards. Yet no effort appears to have been made until after the trial. It would tend to introduce too much laxity in practice, to grant a new trial upon the showing here made. The judgment is therefore affirmed.